[906 NYS2d 918]

In the Matter of MARTIN K. LANG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 14, 2010

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated June 23, 2009, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Stanley Harwood, as Special Referee, to hear and report. By further decision and order on motion dated November 9, 2009 (2009 NY Slip Op 88130[U]), this Court granted the Grievance Committee's motion to suspend the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i) and (ii), directed the Grievance Committee to file and serve an amended and supplemental petition within 20 days, directed the respondent to submit an answer within 20 days after service of the amended and supplemental petition upon him, and directed the parties to proceed with the previously authorized disciplinary proceeding before the Honorable Stanley Harwood, as Special Referee.

The Grievance Committee moves for an order deeming the charges contained in the Grievance Committee's amended and supplemental petition to be established by virtue of the respondent's failure to submit an answer as directed by this Court's order dated November 9, 2009, and imposing discipline upon the respondent based upon the charges in the amended and supplemental petition.

The original petition, which contained 11 charges, was served on the respondent on or about July 1, 2009. The original petition alleged that the respondent engaged in a pattern and practice of unduly delaying and/or failing to refund the unearned portions of retainer fees belonging to clients. The respondent submitted an answer to the original petition on August 7, 2009.

An additional eight complaints were thereafter received against the respondent. These led to the Grievance Committee's motion for leave to amend and supplement the petition to include those additional allegations and to suspend the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i) and (ii).

During the course of his examinations under oath conducted on August 16, 2007, July 10, 2008 and September 2, 2008, the respondent made substantial admissions that he had committed acts of professional misconduct mirrored in the charges. This led to the decision and order dated November 9, 2009, suspending the respondent and authorizing the Grievance Committee to serve the amended and supplemental petition.

The amended and supplemental petition contains an additional 11 charges based on failure to cooperate with the Griev-

ance Committee's investigation, neglecting client matters, unduly delaying and/or failing to refund the unearned portions of retainer fees, failing to promptly or completely cooperate with fee dispute arbitration, failing to exercise reasonable management or supervisory authority, failing to consistently provide periodic billing statements to clients in domestic relations matters, incorporating into retainer agreements in domestic relations matters a nonrefundable fee provision, improperly withdrawing from employment, failing to timely satisfy a legal judgment against his law firm, and misleading a client about the status of a legal matter.

The Grievance Committee personally served the respondent with that decision and order on November 19, 2009, along with the amended and supplemental petition. The respondent has failed to file an answer notwithstanding this Court's directive, in its decision and order dated November 9, 2009, that he do so within 20 days after service of the amended and supplemental petition upon him. The respondent has not filed an affidavit of compliance as required by 22 NYCRR 691.10 (f).

The respondent is in default and the charges contained in the amended and supplemental petition must be deemed established. Although the respondent was personally served on March 18, 2010 with the Grievance Committee's notice of motion to impose discipline upon him based on his default, he has failed to interpose any response.

Accordingly, the Grievance Committee's motion is granted, the charges in the amended and supplemental petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized by the Court is discontinued in view of the respondent's disbarment.

MASTRO, J.P., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Martin K. Lang, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Martin K. Lang, shall continue to comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Martin K. Lang, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Martin K. Lang, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).